**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

**Cheryl Phifer,**
Plaintiff,

v.

Case No. 1:08-cv-665

**Honorable Gordon Quist**
U.S. District Judge

**The City of Grand Rapids,** et al.,

Defendants.

## AMENDED COMPLAINT

## I JURISDICTION AND VENUE

(1) This actions seeks declaratory relief, injunctive relief, damages, to remedy policies and customs of the Defendants, and any one or more of them, and all those aiding, abetting or assisting and acting in concert with them, or any one or more of them, that violate the rights of Plaintiffs and others engaging in expressive and associational activities. Plaintiff brings this action under U.S. Civil Statute: 42 U.S.C. #1983, #1985, & #1983; the First and Fourteenth Amendments to the United States Constitution; Article 1, #2, #7, & #20 of the Constitution of Michigan 1835. This Court has jurisdiction under 28 U.S.C. #1331, #1342, and #1367.

(2) Venue is proper in the Western District of Michigan under 28 U.S.C. #1331, #1343; 42 U.S.C. 1983. Defendants reside in the Western District, and the acts or omissions complained of; herein have occurred in the Western District of Michigan.

## II INTRODUCTION

(3) This action arises out of Defendants' ongoing practice of conspiracy to commit fraud upon Plaintiff Cheryl Phifer and all other African Americans similarly situated in order to deprive out of our civil rights.

(4) The causes of action brought are (1) violation of 42 U.S.C. 1983 (Deprivation of Civil Rights), (2) violation of 42 U.S.C. 1985 (Conspiracy), (3) violation of 42 U.S.C. 1981 (Equal Rights)

(5) Plaintiff brings this action to put an end to policies and customs of the Defendants that violate the constitutional rights of minority people engaged in protected speech

2

(6) and that have a chilling effect on the expressive and associational activities of

(7) countless people who would otherwise exercise their constitutional rights to free speech in public places within the City as equally as white citizens, were it no for fear of intentional interference & retaliation harassment by the Defendants.

## III PARTIES

(8) Plaintiff, Cheryl Phifer is a law abiding citizen of the State of Michigan, Kent County, and a citizen of the United States of America, Resides at 1444 Beckwith View Ave NE, Grand Rapids MI 49505. Plaintiff during all relevant times of this action resided in the Western District of Michigan.

(9) Plaintiff formerly worked at Guiding Light Mission 11/2001 thru 8/2002.

(10)    Plaintiff spoke out against Guiding Light Mission and police misconduct at City Hall during City Council Meetings before the Honorable Mayor George Heartwell and the

Grand Rapids City Commisioners and during boycott in front of Guiding Light Mission and have been retaliated against by defendants.

(11)    Defendants. The named individual defendants herein are sued individually and in their official capacities for acts and conduct under color of law and conspirators (co-conspirators.)

(12)    City of Grand Rapids is a municipal entity, organized under the laws of the State of Michigan with the capacity to sue and be sued. The City is the legal and political entity responsible for the actions of the Grand Rapids Police Department (GRPD) and its officers and employees. The GRPD is a department of the City Government.

3

The City is sued in its own right and on the basis of the acts of its officers, employees, and agents, which were taken pursuant to City customs and policy. At all times relevant herein, the officers, employees, and agents of the City were acting under color of law. The City of Grand Rapids City Hall is located at 300 Monroe Ave NW, Grand Rapids MI 49503

(13)     The Grand Rapids Police Department (GRPD) is an organization department of the City of Grand Rapids. The Grand Rapids Police Department is sued in its own right on the basis of the acts of its officers. The Grand Rapids Police Department is located at 1 Monroe Center, Grand Rapids MI 49503. Phone :616-456-3400.

(14)     Sargent Deb Vasquez was a sworn member of the Internal Affairs Division of the Grand Rapids Police Department, an agency of the City of Grand Rapids, a municipal corporation of the State of Michigan, and is sued in her official and individual capacitites. She handled complaints of police misconduct. At all times relevant herein, Defendant was acting under the color of law.

(15)     Officer Robert Gannon (#296) is an officer of the Grand Rapids Police Department, an agency of the CITY OF GRAND RAPIDS, a municipal corporation of the State of Michigan. (as well as other police officers. (John Does), are sued in their official and individual capacities. Defendants were acting under the color of law.

(16)     Guiding Light Mission & Guiding Light Mission Board of Directors, is an organization that acted as a co-conspirator with the Grand Rapids Police Department, and is the legal entity responsible for the actions of their employees. Guiding Light

4

Mission is sued in its own right and on the basis of the acts of its employees & officers. At all times relevant herein, the officers & employees were acting as co-conspirators with the Grand Rapids Police Department under the color of law. Guiding Light Mission is located at 255 S Division, Grand Rapids MI 49503.

(17) Richard Hertel is the President of the Guiding Light Mission's Board of Directors, is sued in his official and individual capacities, and is responsible for the Guiding Light Mission's administration and operation. At all time relevant herein, Defendant was acting as co-conspirator with the Grand Rapids Police Department under the color of law. Guiding Light Mission is located at 255 S Division, Grand Rapids MI 49503.

(18) Danny Chico Daniels is the Executive Director of the Guiding Light Mission as well as other staff members, (John Does), is sued in his/their official individual capacities. At all relevant times Defendants acted as co-conspirators with the City of Grand Rapids Police Department under the color of law. Guiding Light Mission is located at 255 S Division, Grand Rapids MI 49503.

## IV FACTS

(19) The policies and customs challenged in this case were used against minorities protestors, which started on May 20th, 2005, until present. These policies and customs, described more fully herein, will continue to be applied to Plaintiffs expressive activities unless and until enjoined.

(20) Prior to May 20th, 2005 Guiding Light Mission (GLM) Board of Directors

5

President Richard "Dick" Hertel was made aware of GLM's Executive Director
Danny Chico Daniels actions violated Plaintiff's civil rights.

(21)  During the protest at Guiding Light Mission, Plaintiff and other minority
      protestors who assembled to exercise our First Amendment Right to voice dissent
      were subjected to policies and practices designed to suppress free speech and deter
      Plaintiff and other minorities from expressing their views.

(22)  During the protest, the Defendants harassed and made threats against minority
      protestors to stop us from expressing our views in public.

(23)  During the protest, the Defendants were advised that Plaintiffs were holding
      peaceful protest. Defendants nevertheless harassed and threatened Plaintiff and
      peaceful Protestors and engaged in other law enforcement tactics designed to stifle
      Plaintiff's political expression, as set forth more fully herein.

(24)  From the first day of the protest (May 20th, 2005 until present Grand Rapids
      Police Department continually stopped to harass Plaintiff and other minority
      protestors in retaliation for expecting to be treated as equal citizens as white people
      enjoy, which interferes with Plaintiff's constitutional rights.

(25)  May 20th, 2005, GLM's Danny Chico Daniels threatened Plaintiff and protestors
      that if we didn't stop the protest that he was going to call the police.

(26)  May 20th, 2005, Grand Rapids Police Officers stopped and asked Plaintiff and
      protestors if we had a permit. Plaintiff and another Protestor went the police station
      to get permit and was advised that no permit was required or issued for constitutional
      rights.

6

(27)    May 20th, 2005, Plaintiff and protestors and some of the people who Plaintiff and

protestors advised the reason we were protested were advised that we were barred

from GLM for using our freedom speech and freedom of assembly rights, that are

supposedly protected under the Constitution. Guiding Light is a homeless shelter that

is setup to receive donations to provide free food to the hungry and provide shelter

for homeless. After May 20, 2005 Plaintiff & Protestors were required to waive their

civil rights in exchange for food & shelter that was freely given to others.

(28)    Between May 23rd, 2005 thru June 4th, 2005 at least four to six police officers

stopped at protest to inquire why Plaintiff and Protestors were protesting against

GLM and to inquire if we had a permit and we advised that we were told that they do

not issue permits for First Amendment Constitutional Rights and that we didn't need

one.

(29)    Prior to June 8th, 2005, One Grand Rapids Police Car with two police officers,

(grpd#john doe the driver) and the passenger police officer Robert Gannon #296

pulled up to Plaintiff and another protestor K. Patterson and threatened us to end

protest because we can't use sidewalks for what we were doing or that they were

going to take us to jail for being on the sidewalk, but the other people on the sidewalk

were not threatened.

(30)    Plaintiff & protestors advised Defendant Officer Robert Gannon that Plaintiff we

had a complaint against GLM because of Danny Chico Daniels actions and that we

knew we had a right to be out there on the sidewalk in front of 255 S Division Ave,

the same rights as the white people enjoy.

7

(31)   Defendant Officer Gannon threatened Plaintiff & Protestors that we had to walk
in front of other businesses or he was going to take us to jail if we were still out there
on the sidewalk in front of GLM when he came back.

(32)   June 8th, 2005 Plaintiff and Protestor K. Patterson then went to the police station
but they were already closed. So Plaintiff left work early to go to the Grand Rapids
Police Department located at 1 Monroe Plaza with Protestor K Patterson and filed
two complaints against Officer Robert Gannon #296 at their Internal Affairs
Deparatment with Sargent Deb Vasquez, who informed us that she would speak with
Officer Gannon's Supervisor as soon as we were finished filing our complaints.

(33)   On June 9th, 2005, Plaintiff and protestors arrived at 255 S. Division shortly after
5pm in two vehicles and then have a conversation and then two of the protestors left
to go get something to eat. GLM calls police.

(34)   Defendant GRPD Officer Robert Gannon arrives at GLM and have a conspiracy
conversation with GLM Program Director Delbert Teachout to harass Plaintiff to
deprive of civil rights. Then after these two conversate Officer Gannon harasses and
threatenes Plaintiff to deprive of civil rights. (intentionally interfering with Plaintiff's
rights).

(35)   Defendant GRPD Officer Robert Gannon after harassing and threatening Plaintiff
decides to intimidate plaintiff by saying the meter wasn't plugged. Plaintiff plugged
the meter even though it was well after 5pm.

(36)   Defendant GRPD Officer Robert Gannon after intimidating and intentionally
harassing Plaintiff gives Plaintiff a parking meter ticket after asking for Drivers

8

Information, which he does not need for a Parking Meter Ticket.

(37)   Defendant GRPD Officer Robert Gannon could have written a parking meter

ticket and stuck it on the vehicle without detaining and harassing Plaintiff un-

Necessarily, as GRPD normally give out parking meter tickets to other citizens in this

city. This interference was deliberate and retaliation harassment for the complaints that

we filed against him, (Defendant Officer Robert Gannon#296).

(38) City of Grand Parking Meters do not require money at 5pm. However

Defendant GRPD Officer Robert Gannon falsified ticket time stating that he gave

plaintiff ticket at 5pm. Plaintiff was not at the meter at 5pm on June 9th, 2005.

(38)   On June 10th, 2005, Plaintiff left work early to go back to the Grand Rapids Police

Department at Monroe Plaza with Protestor K. Patterson, and filed more complaints

with the GRPD Internal Affairs Sargent Wayne Moore against GRPD Officer

Gannon # 296. We asked Sargent Moore if we could file a restraining order against

Officer Gannon to stop him from harassing and discriminating against us. Sargent

Moore advised Plaintiff and other Protestor we could not file a restraining order

against a police officer doing police work. Sargent Moore advised Plaintiff and other

Protestor to call the number on the ticket to request hearing and he would follow up

on our complaints.

(39)   On June 10th, 2005 Plaintiff request court hearing on Parking Meter Ticket over

the phone to 616-456-3020.

(40)   On June 16th, 2005  Plaintiff had to mail in a written form that the City of Grand

Rapids sent to plaintiff to again request a civil infraction hearing.

9

(41)   Defendants GRPD pulled Plaintiff's vehicle over continuously between June 11th, 2005 thru June 20th, 2005 at other locations to unnecessarily detain and harass plaintiff. Plaintiff was not stopped for any traffic violations.

(42)   Plaintiff was pulled over by GRPD at Division & Burton. (GRPD#John Doe)

(43)   Prior to June 21st, 2005 Plaintiff was pulled over by GRPD at Ionia between Bartlett & Cherry. (GRPD#John Doe)

(44)   GRPD officer who pulled plaintiff over on Ionia between Bartlett & Cherry stated that GLM had called them to report that they had filed a PPO against Plaintiff. After this officer ran a check and nothing came back, he stated that he was going to GLM right now and advise them that they can not file a PPO to stop a boycott because it was our constitutional right..

(45)   Plaintiff followed GRPD Police Officer to GLM. The GRPD Police Officer went into GLM and came outside with Defendant GLM employee Dave Shoemaker were I (Plaintiff) was and Dave stated that he was only doing what Danny Chico Daniels told him to do.

(46)   On or about June 21st, 2005 approximately 6 Defendant GRPD Police Officers came to GLM where Plaintiff and other Protestors were and served plaintiff with a Stalking PPO (P#40614)(05-05830-PH) notice and we were verbally threatened that none of the protestors could go back there either on the sidewalk in front GLM and that if anyone went back out that I (Plaintiff) would be arrested immediately also even if I wasn't there and that I would be imprisoned and required to pay fines because there was a check on the PPO stating that if any of my friends go there.

10

(47)     Even though Plaintiff and Protestors had went to the GRPD we were advised that

         we did not need a permit or permission to enjoy our Constitutional Rights as same as

         the white people enjoy,

(48)     Even though a PPO violates that State of Michigan Law and the U.S.

         Constitution.  A PPO was issued anyway, in conspiracy by Defendants to deprive

         Plaintiff and protestors of Civil Rights. (Illegally Restraining Our Civil Rights)

(49)     On June 22nd, 2005 Plaintiff had to leave work early to go to the 61st District

Court to get a copy of PPO that was granted against Plaintiff to find out on what grounds

The PPO was issued on since Plaintiff was engaged in lawfully constitutionally protected

Activity.

(50)     Plaintiff had to file a request for a hearing on Motion to terminate PPO form,

Since PPO was granted without a hearing and it did NOT meet the requirements needed

To get a PPO granted. Like how was this possible to be granted?

(51)     Plaintiff requested hearing and received a full copy of PPO, which GLM

Executive Director Danny Chico Daniels filed after conspiring with Grand Rapids Police

And under those directions from the Grand Rapids Police this PPO was granted even

Though there were no grounds stated in the PPO for PPO to be issued on, let alone

Exparte.

(52)     One June 22nd, 2005, Plaintiff  received copy of PPO (P#40614)(05-05830-PH)

That the State of Michigan 17th Judicial Circuit Court Kent County Judge Kathleen

Feeney issued an order to the Police Agencies giving them permission to illegally restrain

11

Our Constitutionally Protected Rights.

(53)     The PPO for Stalking that Kathleen Feeney issued required that 2 or more acts of

Violence already commited against the petitioner (Defendant GLM Executive Director

Danny Chico Daniels) by the Respondent (Plaintiff Cheryl Phifer) physically or by threat.

(54)     PPO papers state that they are not intended to settle disputes.

(55) In the PPO the Defendant (GLM) Danny Chico Daniels falsely checked that two or

More events occurred or threatened to by the Plaintiff because they were all intentional

Defamation lies which caused Plaintiff to suffer harm.

(55)     In Defendants (GLM) Danny Chico Daniels own affidavit to the PPO Judge he

Clearly spells out that this is a civil rights protest. Defendant GLM Danny C. Daniels

Stated in the PPO that Plaintiff was fired from GLM Plaintiff's Religious Bible Study

Meetings that was going conducted in home in which plaintiff rented a room and was

Conducted by Plaintiff's former Landlord and was going on prior to Plaintiff renting a

Room there and prior to Plaintiff even moving to this State of Michigan.

(56)     Defendants (GLM) Danny C Daniels states that he did not authorize Bible Study

Meeting conducted by plaintiff's landlord in Plaintiff's landlord own home.

(57)     Defendants (GLM) Advised that homeless people came to the Bible Study at

Plaintiffs Landlords home. When in all actuality all the people who attended the Bible

Study meetings at plaintiffs former Landlord's home were not homeless people and were

Not under any authority direction under GLM control. This defamation (lies) cost

Plaintiff to lose job and other benefits.

(58)     Freedom of Speech & Freedom of Religion are both protected activities under the

United States Constitutional Amendment Rights.

(65)    I the Plaintiff asked how many more times do I (Plaintiff) have to keep requesting to go to court with this unnecessary stalling.

(66)    On July 15th, 2005, Plaintiff received PPO Termination Papers.

(67)    On July 16th, 2005, Plaintiff & Protestors resumed protest at GLM & two GRPD Police Officer (John Doe # & #) stop to harassed Plainiff and protesters.

(68)    Defendants are still pulling over Plaintiff since this boycott and retaliated against plaintiff with unwarranted tickets.

(69)    Defendants have also slandered Plaintiff and other Protestors names to third parties, which has caused harm to plaintiff and protestors. This will also be a problem in the future if GLM continues to slander Plaintiff to third parties where plaintiff may want to fill out an application or received goods and service, which will cause retaliation and discrimination harm to Plaintiff and Protestors in similar situations

(70)    On August 25th, 2005, Plaintiff had to take off work to appear in 61st District Court because of the fake Parking meter ticket #0487725, that was issued to Plaintiff by Defendants GRPD Officer Gannon #296 on June 9th, 2005 .

(71)    Honorable Judge Fred D Hartley dismissed the ticket.

(72)    On September 18th, 2005 Plaintiff and Protestors tried to resume protest without GRPD police interference the same and equal rights that white citizens enjoy. Two Defendants GRPD Police Officers stopped, detained and harassed  Plaintiff and Protestors at 6pm (License Plate #433-74)

13

(73)    There is an actual controversy now existing between Plaintiffs & Defendants
Concerning the Official policies and customs that may be used by Defendants during
political protest. Plaintiff seeks a judicial determination of their rights and duties and a
declaration as to the Defendants' obligation during lawfully permitted protest and events.

(74)    It is when execution of a government's policy or custom, whether made by its
lawmakers or by those whose edicts or act may fairly be said to represent official
policy, inflicts the injury that the government as an entity is responsible under
#1983(*)

(75)    Local government entities "' can be sued directly under #1983 for monetary,
declaratory, or injunctive relief where... the action that is alleged to be
unconstitutional implements or executes a policy statement, ordinance, regulation, or
decision officially adopted...' " Local governmental entitites also can be sued" "for
constitutional deprivations visited pursuant to governmental "custom"."

(76)    Through its deliberate conduct, the municipality was the moving force behind the
injuries..." The municipal actions were taken with the requisite degree of culpability
and demonstrates a direct casual link between the municipal action and the
deprivations of federal rights."""(**)

(77)    Local Governmental bodies such as cities and counties are considered "persons"
subject to suit under section #1983. States and their instrumentalities, on the other
hand are not." (***)

(78)    A local governmental unit is liable only if the alleged deprivation of rights

14

'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,' or when the injury is in execution of a (local) governmann's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." (****)

(79)    While a rule or regulation promulgated, adopted, or ratified by a local

governmental entity's legislative body unquestionably satisfies *Monell's* policy

requirement, a "policy" within the meaning of #1983 is not limited to official

legislative action. Indeed, a decision properly made by a local governmental entity's

authorized decision maker---i.e., an official who "possesses final authority to

establish [Local government] policy with respect to the [challenged] action' –may

constitute official policy. "Authority to make municipal policy may be granted

directly by legislative enactment or may be delegated by an official who possesses

such authority, and of course whether an official had final policymaking authority is

in question of law.'"

---

(\*) *Monell v. Dept of Social Services of New York (1978) 436 U.S. 658. 694, 98 S.Ct.2018.56 L.Ed.2d 611.*

*(\*\*) Zelig v County of Los Angeles (2002)* 27 Cal.4th 1112, 1147, 119 Cal.Rptr.2d 709, 45 P.3d 1171, internal citations omitted.: see also *Choate v. County of Orange* (2000) 86 Cal..App.4th 312, 328, 103 Cal.Rptr.2d 339; *Newton v. County of Napa (1990) 217 Cal.App.3d 1551. 1564. 266 Cal.Rptr. 682*

(\*\*\*) *Kirchmann v. Lake Elsinore Unified School Dist.* (2000) 83 Cal.App.4th 1098, 1101, 100 Cal.Rptr.2d 289.

(\*\*\*\*) *County of Los Angeles v. Superior Court* (1998) 68 Cal.App.4th 1166, 1171, 80 Cal.Rptr.2d 860, (internal citations omitted.) "A municipality's policy or custom resulting in constitutional injury may be actionable even though the individual public servants are shielded by good faith immunity." *Batch v. County of Butte* (1983) 147 Cal.Aoo.3d 554, 568, 195 Cal.Rptr.268, (internal citations omitted.) See 8 Witkin, Summary of California Law (9th ed. 1988) Constitutional Law, #706 et seq.

(\*\*\*\*\*) *Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F.2d 1439, 1443, (internal citations and footnote omitted.)

**FIRST CLAIM FOR RELIEF**
**(CONSPIRACY)**
**First and Fourteenth Amendment Constitutional Rights**
**(Remedial under 42 U.S.C. 1981,1983,1985,1986 &**
**Article 1,2,7 & 20 of the Michigan Constitution)**
**(Against All Defendants in their Official & Individual Capacity)**

Plaintiffs realleges paragraphs 1 through 87

(88) There is an actual controversy now existing between Plaintiffs & Defendants concerning the official policies and customs that may be used by Defendants during political marches and rallies. Plaintiff seeks a judicial determination of Defendants rights and duties and a declaration as to the Defendants obligations during lawfully-permitted activities.

(89) Defendants knew or should have known that none of the Plaintiffs lawful peaceful protest acts listed in their Stalking "PPO" Complaint satisfied the requisites for an issuance of a PPO Order/Lien & parking meter ticket. They also should have known that their willful, wanton, malicious, reckless & Intentional misconduct violated Plaintiff's Civil Rights by barring Plaintiff's free rights from public streets & sidewalks out of fear from their threats of being put in jail, imprisonment & fines.
(Exhibit A for this complaint is a true/correct copy of the PPO (Stalking) complaint conspired by, filed by and served by the Defendants.) (More Exhibits to come)

(90) Defendants Guiding Light Mission & City of Grand Rapids Police Dept. initiated evil concerted wrongful civil proceedings conspiracy plot to harasse, intimidate, discriminate, interfere, threaten, libel & slandered, retaliate & deprive Plaintiff of Civil Rights. GLM & City/GRPD then conspired with Kent County 17th Judicial Circuit Court Family Division (accessory) and City of Grandville Police Department (accessory) to help them carryout (aiding & abetting) their evil concerted civil conspiracy plot to stop Civil Rights Protest by Plaintiff and other African Americans Citizens protesting on Division Ave intentionally.

(91) Defendants conspired under the color of statute to stop Plaintiffs lawful Equal Civil Rights (including Equal Rights, Freedom of Speech, Freedom of Assembly and Freedom of Religion) by barring Plaintiff's free rights from public streets & sidewalks out of fear from their threats of being put in jail, imprisonment & fines.

(92) Defendants did act in furtherance of said conspiracy willfully & maliciously to Discriminate & Deprive Plaintiff of Civil Rights, by knowing filing maliciously false legal documents, that they knew were false & illegal to conceal their own unlawful discrimination.

(93) Each Defendant is negligent and owed Plaintiffs a duty to use care in the above incidents. All of the Defendants (from the top down) are not properly trained by their

negligent Supervisors in handling and confronting African Americans Protected Civil
Rights to the same degree as White citizens, denying Plaintiff equal protection of the law.

(94) Defendants provided funding, assistance and personnel in furtherance of the
conspiracy to deprive & discriminate (unequal treatment) against Plaintiff, even after
complaints (prior knowledge) were made to the people in charge to put a stop to unlawful
activity and they failed to stop it. All of these incidents could have been prevented if
Defendants Supervisors hadn't neglected their job duties, which is part of a pattern,
practice and custom or omission that is tantamount to their policy.

(95) In committing the aforementioned acts or omissions, each Defendant directly and
proximately resulted in the damages to Plaintiffs loss of time, wages, embarssement,
humiliation, injury to feelings & reputation to this day. Stress, permanently barred from
missions (permanent discrimination). Permanent Damage is done to the Plaintiffs
reputation with regards to PPO & Tickets are permanent public record. Plaintiff have
become a ticket target for the Grand Rapids Police since this Lawfully Protected Civil
Rights Protest. Plaintiff did not have a record with the Grand Rapids Police prior to
protest.

(96) In committing the aforementioned acts or omissions, each Defendant directly and
Proximately caused Plaintiff to be discriminated against, harassed, threatened,
intimidated, libel/slander defamation, retaliated, deprived and intentional interference.

(97) These actions also cause Plaintiff & other minorities rights to segregated treatment;
that they did not subject white citizens who use their civil liberties privileges, which
caused Plaintiff to have feelings of inferiority as to our status in this community which
affected Plaintiff's heart, mind & soul in a way unlikely to ever be undone.

(98) Defendants had an affirmative duty to reasonably inquire whether court pleadings
they sign or authorize are true, and not being presented for an frivolous improper purpose
for unlawful harassment, retaliation & discrimination and that the pleadings that they sign
and authorized are warranted by existing law within their jurisdiction.

(99) It is illegal to file false legal documents to unlawfully discriminate against Plaintiff
and minorities because of their race to intentionally deprive Civil Rights under the color
of law, (misusing & abusing their authority.) Plaintiff is therefore entitled to
compensatory damages, nominal damages & punitive damages on Plaintiffs First Claim
For Relief.


**SECOND CLAIM FOR RELIEF**
**(DEPRIVATION – ILLEGAL RESTRAINT)**
**First and Fourteenth Amendment Constitutional Rights**
**(Remedial under 42 U.S.C. 1981,1983,1985,1986 &**
**Article 1,2,7 & 20 of the Michigan Constitution)**
**(Against All Defendants in their Official & Individual Capacity)**

Plaintiffs realleges paragraphs 1 through 99

(100) There is an actual controversy now existing between Plaintiffs & Defendants concerning the official policies and customs that may be used by Defendants during political marches and rallies. Plaintiff seeks a judicial determination of Defendants rights and duties and a declaration as to the Defendants obligations during lawfully-permitted activities.

(101) Defendants knew or should have known that none of the Plaintiffs lawful peaceful protest acts listed in their Stalking "PPO" Complaint satisfied the perquisites for an issuance of a PPO Order/Lien & parking meter ticket. They also should have known that their willful, wanton, malicious, reckless & Intentional misconduct violated Plaintiff's Civil Rights by barring Plaintiff's free rights from public streets & sidewalks out of fear from their threats of being put in jail, imprisonment & fines.
(Exhibit A for this complaint is a true/correct copy of the PPO (Stalking) complaint conspired by, filed by and served by the Defendants.) (More Exhibits to come)

(102) Defendants Guiding Light Mission & City of Grand Rapids Police Dept. initiated evil concerted wrongful civil proceedings conspiracy plot to harasse, intimidate, discriminate, interfere, threaten, libel & slandered, retaliate & deprive Plaintiff of Civil Rights. GLM & City/GRPD then conspired with Kent County 17th Judicial Circuit Court Family Division (accessory) and City of Grandville Police Department (accessory) to help them carryout (aiding & abetting) evil concerted civil conspiracy plot to stop Civil Rights Protest by Plaintiff and other African Americans Citizens protesting on Division Ave intentionally.

(103) Defendants conspired under the color of statute to stop Plaintiffs lawful Equal Civil Rights (including Equal Rights, Freedom of Speech, Freedom of Assembly and Freedom of Religion) by barring Plaintiff's free rights from public streets & sidewalks out of fear from their threats of being put in jail, imprisonment & fines.

(104) Defendants did act in furtherance of said conspiracy willfully & maliciously to Discriminate & Deprive Plaintiff of Civil Rights, by knowingly filing maliciously false legal documents, that they knew were false to conceal their own unlawful discrimination..

(105) Defendants did knowingly and wrongfully file and continue to prosecute civil actions against Plaintiff under False PPO, False unnecessary traffic stops & False Parking Ticket without probable cause to believe that any of the alleged reasons would satisfy the requisites of the statutes for an improper purpose to unlawfully discriminate.

Each Defendant owed Plaintiffs a duty to use care in the above incidents. All of the Defendants (from the top down) are not properly trained by their negligent Supervisors in handling and confronting African Americans Protected Civil Rights to the same degree as White citizens with or without Due Process denying Plaintiff equal protection of the law.

(106) Defendants provided funding, assistance and personnel in furtherance of the conspiracy to deprive & discriminate (unequal treatment) against Plaintiff, even after complaints (prior knowledge) were made to the people in charge to put a stop to unlawful activity and they failed to stop it. All of these incidents could have been prevented if Defendants Supervisors hadn't neglected their job duties, which is part of a pattern, practice, and custom or omission that is tantamount to their policy.

(107) Defendants had an affirmative duty to reasonably inquire whether court pleadings they sign or authorize are true, and not being presented for an frivolous improper purpose for unlawful harassment, retaliation & discrimination and that the pleadings that they sign and authorized are warranted by existing law within their jurisdiction.

(108) In committing the aforementioned acts or omissions, each Defendant directly and proximately resulted in the damages to Plaintiffs loss of time, wages, embarassement, emotional distress, permanently barred from missions. (permanent discrimination). These actions also cause Plaintiff & other minorities rights to be segregated treatment, that they did not subject white citizens who use their civil liberties privileges, which caused Plaintiff to have feelings of inferiority as to our status in this community which affected Plaintiff's heart, mind & soul in a way unlikely to ever be undone.

(109) In committing the aforementioned acts or omissions, each Defendant directly and Proximately caused Plaintiff to be discriminated against, harassed, threatened, intimidated, libel/slander defamation, retaliated, deprived and intentional interference.

(110) It is illegal to file false legal documents to unlawfully discriminate against Plaintiff and minorities because of their race to intentionally deprive Civil Rights under the color of law, (misusing & abusing their authority). Plaintiff is therefore entitled to compensatory damages, nominal damages & punitive damages on Plaintiffs Second Claim For Relief.

### THIRD CLAIM FOR RELIEF
### (DISCRIMINATION)
### First and Fourteenth Amendment Constitutional Rights
### (Remedial under 42 U.S.C. 1981,1983,1985,1986 &
### Article 1,2,7 & 20 of the Michigan Constitution)
### (Against All Defendants in their Official & Individual Capacity)

Plaintiffs realleges paragraphs 1 through 110

(111) There is an actual controversy now existing between Plaintiffs & Defendants concerning the official policies and customs that may be used by Defendants during political marches and rallies. Plaintiff seeks a judicial determination of Defendants rights and duties and a declaration as to the Defendants obligations during lawfully-permitted activities.

(112) Defendants knew or should have known that none of the Plaintiffs lawful, peaceful protest acts listed in their Stalking "PPO" Complaint satisfied the perquisites for an issuance of a PPO Order/Lien & parking meter ticket. They also should have known that their willful, wanton, malicious, reckless & Intentional misconduct violated Plaintiff's Civil Rights by barring Plaintiff's free rights from public streets & sidewalks out of fear from their threats of being put in jail, imprisonment & fines.
(Exhibit A for this complaint is a true/correct copy of the PPO (Stalking) complaint conspired by, filed by and served by the Defendants.) (More Exhibits to come)

(113) Defendants Guiding Light Mission & City of Grand Rapids Police Dept. initiated evil concerted wrongful civil proceedings conspiracy plot to harasse, intimidate, discriminate, interfere, threaten, libel & slandered, retaliate & deprive Plaintiff of Civil Rights. GLM & City/GRPD then conspired with Kent County 17th Judicial Circuit Court Family Division (accessory) and City of Grandville Police Department (accessory) to help them carryout (aiding & abetting) evil concerted civil conspiracy plot to stop Civil Rights Protest by Plaintiff and other African Americans Citizens protesting on Division Ave intentionally.

(114) Defendants conspired under the color of statute to stop Plaintiffs lawful Equal Civil Rights (including Equal Rights, Freedom of Speech, Freedom of Assembly and Freedom of Religion.) by barring Plaintiff's free rights from public streets & sidewalks out of fear from their threats of being put in jail, imprisonment & fines.

(115) Defendants acted with deliberate indifference that intentionally interfered with plaintiffs civil rights. These actions also cause Plaintiff & other minorities rights to be segregated treatment, that they did not subject white citizens who use their civil liberties privileges; which caused Plaintiff to have feelings of inferiority as to our status in this community which affected Plaintiff's heart, mind & soul in a way unlikely to ever be undone.

(116) Defendants did act in furtherance of said conspiracy willfully & maliciously to Discriminate & Deprive Plaintiff of Civil Rights, by knowingly filing maliciously false legal documents, that they knew were false & illegal to conceal their own unlawful discrimination without due process denying Plaintiff equal protection of the law.

(117) Each Defendant is negligent and owed Plaintiffs a duty to use care in the above incidents. All of the Defendants (from the top down) are not properly trained by their negligent Supervisors in handling and confronting African Americans Protected Civil Rights to the same degree as White citizens.

(118) Defendants provided funding, assistance and personnel in furtherance of the conspiracy to deprive & discriminate (unequal treatment) against Plaintiff, even after complaints (prior knowledge) were made to the people in charge to put a stop to unlawful activity and they failed to stop it. All of these incidents could have been prevented if Defendants Supervisors hadn't neglected their job duties.

(119) In committing the aforementioned acts or omissions, each Defendant directly and proximately resulted in the damages to Plaintiffs loss of time, wages, embarassment, humiliation, injury to feelings & reputation to this day. Stress, permanently barred from missions (permanent discrimination). Permanent Damage is done to the Plaintiffs reputation with regards to PPO & Tickets are permanent public record. Plaintiff has become a ticket target for the Grand Rapids Police since this Lawfully Protected Civil Rights Protest. Plaintiff did not have a record with the Grand Rapids Police prior to protest.

(120) Defendants had an affirmative duty to reasonably inquire whether court pleadings they sign or authorize are true, and not being presented for an frivolous improper purpose for unlawful harassment, retaliation & discrimination and that the pleadings that they sign and authorized are warranted by existing law within their jurisdiction.

(121) It is illegal to file false legal documents to unlawfully discriminate against Plaintiff and minorities because of their race to intentionally deprive Civil Rights under the color of law, (misusing & abusing their authority). Plaintiff is therefore entitled to compensatory damages, nominal damages & punitive damages on Plaintiffs Third Claim For Relief.


**(SEE EXHIBITS)**

21

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request relief as follows:

(1) A Preliminary and Permanent injunction, enjoining Defendants, their officers, agents and employees, from interfering with Plaintiffs and other African Americans (All Minorities) Protected Civil Rights Activities.

(2) A Preliminary & Permanent injunction, enjoining Defendants, their officers, agents and employees from conspiring to further harm or discriminate against Plaintiff and other African Americans (All Minorities) participating in Constitutionally Protected Activities.

(3) For a declaration that Defendants' past, present and future actions violate Plaintiffs those participating in constitutionally protected activities.

(4) To require proper training to be given to all of the Defendants in regards to discrimination and Constitutional rights of protected class citizens.

(5) For Compensatory damages as permitted by law and according to proof at trial.

(6) For Punitive damages against the individual Defendants.

(7) For Attorney Fees pursuant to 42 U.S.C. #1988

(8) For cost of suit pursuant to 28 U.S.C. #1920 and 42 U.S.C. 1988

(9) For such other relief as this Court deems just and proper.

Dated: <u>December 12th, 2008</u>

Respectfully submitted,

Cheryl Phifer (Temporarily Pro Per)
PO Box 1043
Grand Rapids MI 49501
**616-856-0909**
**Missphifer@gmail.com**

22

## PROOF OF SERVICE

Cheryl Phifer states that she is the Plaintiff (Temporarily Pro Per), and that on December 12th, 2008, she served a true and complete copy of Amended Complaint and Initial Disclosure List in which address will need to be updated because information maybe outdated on some of the witnesses as many of them were homeless and they will have to be tracked down; by postage fully prepaid, first-class U.S. Mail, upon:

Margaret P. Bloemers (P40853)
Assistant City Attorney
Attorney for City/Grand Rapids
300 Monroe NW, Ste 620
Grand Rapids MI 49503
(616) 456-4026 / 456-4569 fax
mbloemer@ci.grand-rapids.mi.us

D. Adam Tountas (P68579)
Berry, Johnston, Sztykiel etc.
Atty for Guiding Light Mission
8436 Homestead, Ste. 210
Zeeland, MI 49464
(616) 772-6571
atountas@berryjohnstonlaw.com

Dated December 12th, 2008

Cheryl Phifer

Cheryl Phifer
PO BOX 1043
Grand Rapids MI 49501
(616) 856-0909
missphifer@gmail.com