UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL PHIFER,

        Plaintiff,

vs.

Case No. 1:08-cv-665

Hon. Gordon J. Quist

CITY OF GRAND RAPIDS, *et al.*,

        Defendants.

_____/

**ORDER**

This matter is now before the court on plaintiff's "Opposed motion to add additional defendants to amended complaint" (docket no. 35), plaintiff's replies to defendants' answers (docket nos. 58, 59, 60 and 61), defendants' motion for judgment on the pleadings (docket no. 18) and defendant Officer Robert Gannon's motion for summary judgment (docket no. 74).

    **I.**    **The Parties**

Plaintiff, proceeding *pro se*, alleges that she is an African American, and that defendants have violated her civil rights. Her complaint, filed on July 14, 2008, alleges claims against private and governmental defendants arising from the issuance of a Personal Protection Order (PPO). The private defendants, which the court will refer to collectively as the "Guiding Light defendants", consist of the Guiding Light Mission, the Guiding Light Mission Board of Directors, Danny Chico Daniels (the Mission's executive director), Richard Hertel (the Mission's president) and unknown parties. The governmental defendants, which the court will refer to collectively as the "Grand Rapids defendants," consist of the City of Grand Rapids, the Grand Rapids Police Department, Sergeant Deb Vasquez, and Officer Robert Gannon.

In Count I, plaintiff alleged that defendants engaged in a "Conspiracy to violate a citizen's First and Fourteenth Amendment rights," brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and Articles 1, 2, 7 and 20 of the Michigan Constitution. In Count II, plaintiff alleged that defendants engaged in "Illegal restraint of First Amendment Speech and Assembly," brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1986. In Count III, plaintiff alleged that she was denied "Equal rights under the law," that defendants violated the First Amendment, and that she brought the action pursuant to 42 U.S.C. §§ 1981 and 1986, and Articles 1, 2, 7 and 20 of the Michigan Constitution. In her prayer for relief, plaintiff seeks: a court order enjoining defendants from interfering with her "speech, assembly and petition activities;" a court order enjoining defendants "from . . . conspiring to harm or discriminate against Plaintiff and those participating in constitutionally protected activities;" a declaration that defendants have violated her rights to free speech, assembly and to petition the government for redress of grievances; compensatory damages; punitive damages; and attorneys fees.

### II.     Plaintiff's motion to amend

On November 13, 2008, the court entered a case management order which included the following provision:

> JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS. All motions for joinder of parties and all motions to amend pleadings must be filed by December 12, 2008. Defendants' Motion for Judgment on the Pleadings (docket no. 18) will be held in abeyance pending plaintiff filing a motion to amend and the motion to amend being resolved. If defendants choose to renew their motion for judgment on the pleadings, or amend it, plaintiff shall be given the usual opportunity to respond.

*See* docket no. 33.

On November 26, 2008, plaintiff filed her "Opposed motion to add additional defendants to amended [sic] complaint" and a supporting memorandum. *See* docket nos. 35 and 36.[1] In plaintiff's supporting memorandum, she refers to defendant Danny Daniels obtaining a "false" Personal Protection Order (the PPO) from the Kent County Circuit Court to prevent her from stalking Daniels. Plaintiff's motion includes a copy of the PPO, entered June 14, 2005, which restrains plaintiff from: attempting to locate Daniels' address and/or phone number; approaching or confronting Daniels in a public place or on private property; placing an object on or delivering an object to propery owned, leased, or occupied by Daniels; interfering with Daniels at his place of employment/school or engaging in conduct that impairs his employment/school relationship or environment; and, engaging others to further harm, harass, or intimidate Daniels. *See* docket no. 36-2. The PPO was to be served by the Grandville Police Department, was enforceable for 182 days, and expired on December 10, 2005. *Id.* On December 12, 2008, plaintiff also filed a proposed amended complaint.

Defendants filed responses to plaintiff's motion, apparently based upon plaintiff's statements that she intended to add the City of Grandville, the Grandville Police Department and Kent County's 17th Circuit Court as defendants. The Guiding Light defendants did not oppose the proposed amendments, because it did not change the allegations against them. *See* docket no. 38. The Grand Rapids defendants objected, because it appeared to them that plaintiff intended to "arguably" add defendants who are judicially immune from tort liability (Circuit Court Judge Kathleen A. Feeney and Circuit Court Referee Deborah L. McNabb) and defendants whose

---

[1] Plaintiff's motion was incorrectly docketed as an "unopposed" motion to add defendants to an "amended" complaint, although it was labeled as an "opposed" motion. *See* docket no. 35. Moreover, there was then pending no "amended complaint," because the only complaint before the court was the original complaint filed on July 14, 2008.

involvement in the alleged conspiracy was mere speculation (City of Grandville and Grandville Police Department). *See* docket nos. 39-40. Plaintiff then filed a document entitled "Reply to opposition to motion[;] Motion to withdraw request to add additional parties," in which she states that she wishes to withdraw her motion "to add additional defendants Kent County & City of Grandville/Police Dept." *See* docket no. 44.[2]

Indeed, her proposed amended complaint filed on December 12, 2008, did not include any additional defendants. *See* docket no. 42. Fed. R. Civ. P. 15(a)(2) provides that a party may amend its pleading only with the opposing party's written consent or the court's leave, which should be freely given "when justice so requires." As previously discussed, the Guiding Light defendants did not object to the proposed amendments. In addition, because plaintiff did not add the judge, the referee, the City of Grandville or the Grandville Police Department as defendants in this action, the objections raised by Grand Rapids defendants are inapplicable. In the absence of any objections, the court will allow plaintiff to file the proposed amended complaint. Accordingly, plaintiff's motion to amend "to add additional defendants" (docket no. 35) is **DENIED**. The Clerk, however, is directed to accept for filing plaintiff's proposed amended complaint (docket no. 42) as the amended complaint in this matter.

---

[2] It appears that plaintiff intends to withdraw her request as to any proposed additional defendants at this time. The Clerk's office did not docket this Reply as a motion. To the extent that it could be considered a "motion to withdraw" plaintiff's earlier request to add parties, the motion to withdraw is Granted.

### III.     Defendants' Answers and Affirmative Defenses

On December 24, 2008, the Guiding Light defendants filed an answer and affirmative defenses to the proposed amended complaint. *See* docket nos. 47 and 48. Similarly, on December 29, 2004, the Grand Rapids defendants filed an answer and affirmative defenses. *See* docket no. 53. It is unclear to the court as to why defendants filed their answers prematurely. Nevertheless, the court will deem defendants' answers and affirmative defenses (docket nos. 47, 48 and 53) as timely filed.

### IV.     Improperly filed replies to defendants' answers

Plaintiff has filed three replies to defendants' answers (docket nos. 58, 59, 61) along with a supporting memorandum (docket no. 60). Under the court rules, a plaintiff may not file a reply to an answer unless directed by the court. *See* Fed. R. Civ. P. 7(a)(7) ("Only these pleadings are allowed . . . if the court orders one, a reply to an answer"). The court did not direct plaintiff to file a reply to defendants' answers in this case. Plaintiff's status as a *pro se* litigant does not excuse her from following court rules. While a *pro se* litigant's complaint is held to less stringent standards than a formal pleading drafted by a lawyer, such a litigant is not entitled to special consideration with respect to procedural requirements that a lay person can comprehend as easily as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir.1991). *See Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999) (*pro se* litigants are required to follow the rules of civil procedure and to comply with easily-understood court deadlines). When a non-prisoner litigant chooses to represent himself, "he should expect no special treatment which prefers him over others who are represented by attorneys." *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

5

Accordingly, plaintiff's replies to the answers and her supporting memorandum (docket nos. 58, 59, 60 and 61) are **STRICKEN** as improperly filed.

> **V.  Defendants' motion for judgment on the pleadings and for summary judgment**

Pursuant to the case management order, the Guiding Light defendants' motion for judgment on the pleadings has been held in abeyance since November 13, 2008. The relief sought in this motion arises from the allegations as set forth in the original complaint. However, these allegations are no longer before the court. The amended complaint appears to raise the same claims as set forth in the original complaint with respect to Count I ("Conspiracy"). However, plaintiff has amended both Counts II and III to include additional claims. With respect to Count II ("Deprivation - Illegal Restraint"), plaintiff added a claim under 42 U.S.C. § 1985. In addition, plaintiff amended Count III to include a claim for discrimination, citing the Fourteenth Amendment and 42 U.S.C. §§ 1983 and 1985. Furthermore, in her requested relief, plaintiff seeks to enjoin defendants from interfering with her and other African Americans from participating in civil rights activities and constitutionally protected activities.

The filing of the amended complaint changed the nature of plaintiff's action to those allegations as set forth in the amended pleading. "A pleading that has been amended under Rule 15(a) supercedes the pleading it modifies and remains in effect throughout the action unless it is subsequently modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476, pp. 556-57 (2nd ed. 1990). "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). "[W]hen a plaintiff

files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward" and "wipes away prior pleadings." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). *See also B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n. 8 (6th Cir. 2008) ("a prior 'complaint is a nullity, because an amended complaint supercedes all prior complaints'") (*quoting Drake v. City of Detroit*, 2008 WL 482283 at \*2 (6th Cir. Feb. 21, 2008); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) ("Plaintiff's first amended complaint, not his original complaint, was the legally operative complaint . . .") (*citing In re Atlas Van Lines* and *Massey*).

Plaintiff's amended complaint has superceded the original complaint, and rendered the original complaint "without any legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d at 1067. "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Glass v. The Kellogg Co.*, 252 F.R.D. 367, 368 (W.D. Mich. 2008). *See, also, Principal Manufacturing Corporation v. Epsey & Associates*, No. 1:08-cv-393, 2009 WL 483901 at \*2 (S.D. Ohio Feb. 25, 2009); *LaFountain v. Brevard*, No. 1:08-cv-518, 2009 WL 427245 at \*2 (W.D. Mich. Feb. 20, 2009). Accordingly, defendants' motion for judgment on the pleadings (docket no. 18), which attacks the merits of the claims asserted in plaintiff's original complaint, is **DENIED** as moot.

Similarly, defendant Gannon moved for summary judgment based upon allegations set forth in the original complaint, as well as claims set forth in a now stricken "reply" to an answer. *See* docket no. 74. Defendant Gannon's motion also seeks to incorporate by reference the arguments set forth in the now stricken motion for judgment on the pleadings. *Id.* As with the motion for

7

judgment on the pleadings, this motion seeks relief based upon the original complaint, which has been superceded by the amended complaint.  Accordingly, defendant Gannon's motion for summary judgment (docket no. 74) is also **DENIED** as moot.[3]

**IT IS SO ORDERED.**

Dated:  June 23, 2009                                             /s/ Hugh W. Brenneman, Jr.
                                                                                    HUGH W. BRENNEMAN, JR.
                                                                                    United States Magistrate Judge

---

[3] The court's ruling does not address the merits of these two dispositive motions (docket nos. 18 and 74), which seek dismissal because plaintiff filed untimely claims that are barred by the applicable statute of limitations.  Defendants remain free to file similar dispositive motions that specifically address the allegations as set forth in the amended complaint.