**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHER DIVISION**

Cheryl Phifer
Plaintiff,

Case No. 1:08-cv-665

Honorable Gordon J. Quist
U.S. District Judge

The City of Grand Rapids et. al,
Defendants,

---

**PLAINTIFF'S MOTION FOR RECONSIDERATION**
**AND MEMORANDUM SUPPORTING PLAINTIFF'S MOTION**

---

Plaintiff, by and through her undersigned attorney hereby moves this Court pursuant to FRCP

59(e) and LRCP 7.4 for Reconsideration of the Court's Order Granting Summary Judgment to

Defendants.

Plaintiff requests reconsideration in the interest of justice and states the following:

1.      On June 23rd, 2005, this court rendered an opinion and order granting Defendants

motion for summary judgment without mutual request for oral hearings that were requested from both

sides. This court did not give Plaintiff notice that oral hearing request were denied, to allow Plaintiff

opportunity to presented evidence to support case before this court hastily dismissed without

considering all of the facts and evidence. This court did not ask for plaintiff's evidence to be turned in

early (before discovery phase is over) or ask plaintiff to respond to clarify any misunderstandings.

2.      When considering a motion to dismiss under Fed Rule Civil Procedure 12(b), a court

must accept as true all well-pleaded allegations and view them in the light most favorable to the

plaintiff (Scheuer v. Rhodes, 416 US 232, 236. A court must also accept as true any and all reasonable inferences derived from those facts. (Unger v. National Residents Matching Program, 928 F.2d 1392, 1400 (3d Cir. 1991).  Moreover it is not necessary for the plaintiff to plead evidence, and it is not necessary to plead the facts that serve as the basis for the claim. (Bogosian v. Gulf Oil Corp. 561 F. 2d 434 446 (3d Cir 1977). According to Rule 12d if, on a motion under rule 12b6 or 12c matters outside the pleadings are present and not excluded by the court; the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.  This court failed to consider all of plaintiff's evidence; (Old and new) by not giving notice that oral hearing requests were denied so that plaintiff could present evidence.

3.      On page 8 of this court's opinion and order, states that discrimination "cannot be said to have occurred on a particular day, but rather "over a series of days perhaps years.  When in fact we were being harassed and threatened with being jailed for exercising our free speech & assembly rights from May 20, 2005 through September 18th, 2005 numerous times and harm is still being done by the defamation and slander committed by the defendants which they do not subject white protesters in Grand Rapids to. (Plaintiff does meet the standard to be ongoing over a period more than 1 day by presenting these compelling exhibits. (See Exhibits 1, 2, 4, 6, 7, 8, 12, 13, 14, 18, 20, 21, 22, 35, 38, 39, 40, 41,   New Exhibits 23, 42, 42a, 43,44,45, [49 reserved for Pastor Davis affidavit which is on its way])  Plaintiff does meet the standard to be ongoing over a period more than 1 day by presenting these exhibits.).

4.      This court considers the Fraudulent & Malicious Stalking PPO not to be a continual and ongoing when on the PPO itself it states that it is for 6 months and violated our constitutional freedom of Speech & Assembly rights on a daily basis for 25 (twenty five) (June 21st, 2005 through

July 14th/15[th,,] 2005) days consecutively stopping our Constitutional Rights (Freedom of Speech & Freedom of Assembly) by stopping our free speech protest. This court did not take into consideration that Plaintiff had to exhaust administrative remedies on Malicious & Fraudulent Ticket & PPO that did meet the tolling requirements on the prospective dates July 12th, 2005 which order was signed and issued by mail by a Judge on July 14th, 2005 which fell on a weekend. (PPO) (See Exhibit 2 pg3) and on August 25th, 2005 (See Exhibit 12) (Ticket). Plaintiff also missed work on four occasions to have to deal with these false charges that were after June 9th, 2005 in which the defendants are liable. (Exhibit 1, 2, 4,6, 7,  11, 12, 18,) (LeMaster v. Fluke Corporation in which the common law principal of equitable estoppel is soundly established in Kentucky Law, Electric & Water Plant BD v. Suburban Acre Development inc 513 SW 2d 489 (KY 1974) and was aptly applied to prevent a defendant from asserting the statue of limitations defense.  It is not good public policy to allow a person who presents inaccurate information to benefit from the misrepresentation. (an intervening change in the law to correct a clear error of law or prevent manifest injustice (Keweenaw Bay Indian Community v. United States, 940 F Supp. 1139, 1140 (W.D. Mich 1996)

5.      There are reasons such as fraudulent concealment, false misrepresentations, malicious abuse of legal process service et. al that toll statutes of limitation which Plaintiff can prove with her evidence that the court did not consider because it was filed at the with the wrong responses and with the new evidence that plaintiff has since obtained.   ((Plaintiff does meet the standard to toll statutes by proving that the defendants committed perjury to justify issuing illegal documents to plaintiff) See Exhibits 1,2,6, 11, 12, 13, 14, 18, 19, 26, 27, 35, 36, 38, 39, 41, 42, 43, 44, 45, 46, 47) LeMaster v. Fluke Corporation in which the common law principal of equitable estoppel is soundly established in Kentucky Law, Electric & Water Plant BD v. Suburban Acre Development inc 513 SW 2d 489 (KY 1974) and was aptly applied to prevent a defendant from asserting the statue of limitations defense.  It

is not good public policy to allow a person who presents inaccurate information to benefit from the misrepresentation.

6.      Because these documents were fraudulently and maliciously filed.  This administrative process was not under Plaintiffs control and was reasonable for time that the courts took to decided to restore plaintiff's whole rights. Which elements of equitable estoppel consist of the following:  (1) the party against whom the doctrine is asserted misrepresented or concealed material facts; (2) the party to whom the representation was made lacked knowledge of the true facts; (3) the party who made the representation or concealed material facts intended the other party to act on the basis of the misrepresentation; and (4) detrimental reliance thereon. Which plaintiff can prove that ticket and personal protection order were misrepresented through evidence? (Plaintiff does meet the standard to toll statutes by presenting exhibits.) (See Exhibits  1, 2,  6, 7, 11, 12, 13, 14, 18, 19, 27, 42, 42a, 43, 44, 45, 46, 39, 38 , 34, 35 36)(Swick 169 Ill 2d at 1243)(Skinner v Reed – Prentice Division Package Machinery Co (70 Ill 2d 1, 374 NE 2d 437, 442 (1997) Cert. denied. 436 US 946, 56 l Ed 2d 787, 98 S. ct. 2849 (1978) (Stanger 97, Ill App 3d at 587, 422 NE 2d at 1144, Ghosh 208 Ill App 3d at 33, 566 NE 2d at 875).

7.      The Ticket & The PPO cases were filed on false misrepresentation and meets all of the element requirements for tolling on both by: (1) the defendants played an active role (2) the defendants did not have probable cause or reasonable grounds to support the original cases (3) the defendants initiated or continued the initial cases with improper (ulterior) motives and (4) The original cases were terminated in the Plaintiff's favor, which if a person helps another person launch a baseless case or takes action to direct or aid such a case, the first person may be held liable for malicious prosecution.  The defendants must have been responsible in some way for the institution or continuation of the baseless case. ) Because the defendants failure to fully investigate the facts

surrounding these cases is sufficient to show lack of probable cause, Which Plaintiff can prove against the Defendants (Plaintiff does meet the standard to toll statutes by presenting exhibits. (See Exhibits 1, 2,  6, 7, 11, 12, 13, 14, 18, 19, 27, 42, 42a, 43, 44, 45, 46, 39, 38 , 34, 35 36) (Termination of these two malicious acts issued to plaintiff because of the defendants abuse of the legal system were not officially terminated until July 14th, 2009 (August 3, 2005 see exhibit 3) and August 25th, 2005 Exhibit 12).

8.       On page 11 (c) this court opinion and order states that Plaintiff did not articulate plainly enough what officers (defendants) did to violate fourteenth amendment rights or offer evidence without oral hearing that was requested and before discovery was over and not based on the evidence and it is stated in my complaint that they repeatedly threatened to take us to jail and were constantly attempting to shut down our free speech rally that they did not do to the white citizens in this community who do the same thing. This court committed error by not reading the complaint fully.  (See Exhibits complaints, 27, 26 and New Evidence 42, 42a, 43, 44,).

9.       On page 11 (d) opinion and order states that Plaintiff only alleged a conspiracy which was insufficient and not based on all of the evidence. Conspiracy elements are an agreement by two or more persons to commit a wrongful act. Such agreement may be orally or in writing or may be implied by the conduct of the parties. Plaintiff also has submitted new evidence for this court (See Evidence -exhibits 1, 11, 27, & New Evidence 42, 42a 43, 44, 45)  Officer Gannon testified falsely for himself and GLM on August 25th, 2005; Gannon showed up at Plaintiff's PPO hearing on July 12th, 2005 to give false testimony furthering their conspiracy plot.  Plaintiff had to deal with Officer Gannon at least 6 (5 of which he was saying the same things) times during protest between June & August 2005. So it was not he was just passing through checking out parking meter 4 tickets. He only gave me a ticket and he did not give the other cars parked directly in front of my car a ticket (Exhibit

27) and he did not give the white citizens who protest parking meter tickets after enforcement hours. It's plain to see on exhibit 27 that the parking lot is empty.

10.     except for two staff vehicles and that along with exhibit 36 & 43) (Exhibit 36 is particular because it shows that Plaintiff believe that Plaintiff was at the Sheldon Complex on June 9th, 2005 working on the attached lawsuit papers when Patrick Coleman from Michigan Works told me it was 5'oclock and that I had to leave because they were closed and I went straight there to GLM after gathering up my belongings because I was supposes to be meeting the other protesters at GLM.

11.     On page 13 of this court's order states that plaintiff has not alleged that Officer Gannon engaged in any other conspiratorial conduct, nor has she implicated any other officer in the purported PPO conspiracy that would constitute continuing violation that would toll the statute of limitations and fails to state a claim.  In which Plaintiff's complaint does state that GLM (Daniels) conspired with GRPD on pg 11 paragraph 51 & page 10 paragraph 46 as well as Exhibit 1 that was submitted by Plaintiff which is GLM's Daniels own Affidavit pg2 where he has identified the police officer as being Gannon who quote "Officer Gannon urged me to file the Protection Order because Ms. Phifer is intent on causing me harm and the Mission Great Harm to Our Reputation and Standing in the City of Gr. I have endured her harassment of me and my wife over a span of several years.) And new exhibits 27, 26, 42, 42a, 43, 44, 45 will also prove conspiracy.) Plaintiff can also prove that she never threatened anyone at defendant GLM nor has Plaintiff ever harassed defendant Daniels and his wife and this whole affidavit was based on lies (Exhibit 1 & 11).  This will be proven by all of the evidence exhibits. This court did not fully read complaint and exhibits before dismissing for failure to state a claim. Plaintiff has plenty of evidence and witnesses. (see all the exhibits)

12.     On page 10 ( c ) & 13e  this court holds that Plaintiff did not show white citizens were not treated to the same treatment that minority protestors (such as the defendants filing false legal

documents against, regularly threatening to take them to jail, or slandering them to third parties (Fair labor laws) getting them barred from the homeless shelters for them using their free speech and freedom of assembly rights and civil rights and causing the protestors to be further discriminated against because of their defamation. Which will continue to cause future harm if slander continues where Plaintiff may want to fill out application or receive goods and service? (See New Exhibits 42, 42a 26a 44, 45,) (Reserved Exhibit 49 from Pastor Rosemary Davis is on its way). Therefore Plaintiff can prove that The City is responsible for these actions that their officers have committed against black citizens and not white citizens based on the slander that GLM & Officer Gannon provided them.

13.     Defendants have failed to demonstrate that, beyond a doubt, Plaintiff can prove no facts in support of Plaintiff's claims so as to entitle plaintiff to relief, and as such defendants' instant motions for dismissal should be denied.  The complaint is a proper suite against the defendants affirmatively engaged in wrongful conduct to obstruct Plaintiff's access to the courts, the statute of limitation is equitably tolled, and the defendants should be barred from raising the limitations period as a defense.  Additionally, Plaintiff's claims are preserved by the continued wrong doctrine because they assert an ongoing pattern of Constitutional Rights and Civil Rights violations and conspiracy to violate civil & constitutional rights, with their latest wrongful conduct in furtherance thereof occurring well within the limitations period.

14.   Plaintiff can show through evidence that she meets all the element requirements for tolling the statutes and that the actions of the defendants were ongoing and not one act. Plaintiff can show that the City of Grand Rapids Police officers continually threatened plaintiff and other minority protesters with jail if we didn't stop protest something that they do not do to the white citizens here in Grand Rapids which was done because of the GLM Defendants slandering Plaintiff to the Grand Rapids

Police department, Kent county and Mel Trotter Mission as well.  Plaintiff has submitted evidence,

affidavits and DVDs as evidence that will prove conspiracy, deprivation and discrimination of

fourteen amendments rights et. al.

15.    This court committed error; by not reading the complaint fully and the factual issues must be

resolved to prevent manifest injustice motion for reconsideration should be granted.

Exhibits will be filed at the courthouse and mailed to the attorneys because they include

DVDs. I also have about 3-4 more affidavits coming to me in a few days that I will then mail as well.

In Support of Plaintiff's Motion for Reconsideration, Plaintiff also files this Memorandum in

supporting of Plaintiff's Motion.

Dated July 7, 2009                              Respectfully submitted,

                                                /s/ Kevin R. Floyd
                                                    Kevin R. Floyd (P43583)
                                                    Attorney for Plaintiff
                                                    3737 Lake Eastbrook Blvd SE, Suite 201
                                                    Grand Rapids, MI 49546
                                                    (616) 235- 0100

                                                By:  _____
                                                    Cheryl Phifer
                                                    Plaintiff