UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL PHIFER,

    Plaintiff,

v.                                        Case No. 1:08-CV-665

CITY OF GRAND RAPIDS,             HON. GORDON J. QUIST
MICHIGAN, et al.,

    Defendants.
_____/

## ORDER

On June 23, 2009, the Court issued an Opinion and a separate Order granting Defendants Guiding Light Mission (GLM), Guiding Light Mission Board of Directors, Rev. Daniels, Hertel, and John Does' (collectively the "GLM Defendants") Motion for Judgment on the Pleadings and granting Defendant Officer Gannon's Motion for Summary Judgment. Both motions asserted that Plaintiff's claims are barred by the applicable statutes of limitations because the incidents giving rise to Plaintiff's claims occurred outside the applicable limitations periods. The Court concluded that the statute of limitations barred substantial portions of Plaintiff's claims and that the continuing violation doctrine does not apply to claims under 42 U.S.C. §§ 1981 and 1985. Because four allegations occurred less than three years prior to the date Plaintiff filed her Complaint, the Court reviewed the sufficiency of those allegations as permitted by 28 U.S.C. § 1915(e)(2), *see Baker v. Wayne County Family Independence Agency*, 75 F. App'x 501, 502-03 (6th Cir. 2003) (stating that § 1915(e)(2) "requires courts to dismiss in forma pauperis complaints that fail to state a claim, and applies to complaints filed by non-prisoners as well as prisoners") (citing *Benson v. O'Brian*, 179 F.3d 1014,

1016 (6th Cir. 1999)), and concluded that Plaintiff failed to state a claim. Specifically, the Court found that: (1) the claim under 42 U.S.C. § 1981 failed because Plaintiff was not alleging a violation of her right to make a contract; (2) the § 1983 claim failed against the GLM Defendants because they were not state actors and Plaintiff did not allege they deprived her of a federally protected right and it also failed against the police because Plaintiff did not allege how they deprived her of her First Amendment rights; (3) the Fourteenth Amendment claim failed because Plaintiff did not allege facts supporting her conclusory allegations; and (4) the § 1985 conspiracy claim failed because Plaintiff did not allege sufficient facts establishing that GLM made an agreement with the police to deprive Plaintiff of her civil rights or that such conspiracy was motivated by racial or other class-based animus.

Plaintiff has filed a motion for reconsideration of the June 23, 2009 Opinion and Order. To prevail on a motion for reconsideration, the movant must "not only demonstrate a palpable defect by which the Court and the parties have been mislead, but [must] also show that a different disposition of the case must result from a correction thereof." *See* LCivR 7.4(a). A motion for reconsideration may not be used to simply rehash rejected arguments or to introduce new arguments. *See Westbrook v. Comm'r*, 68 F.3d 868, 879 (5th Cir. 1995). Applying this standard, the Court concludes that Plaintiff's motion should be denied.

Plaintiff first contends that the Court erred in issuing its Opinion and Order and dismissing the case without granting the parties' requests for oral argument. Plaintiff asserts that had she been afforded oral argument she would have presented additional evidence supporting her claims. This argument fails, however, because oral argument is a matter within the Court's discretion. W.D. Mich. LCivR 7.2(d) (stating that "the Court may schedule oral argument or may dispose of the

motion without argument at the end of the briefing schedule"). In this case, the Court concluded that oral argument was unnecessary. Moreover, the additional evidence Plaintiff contends she would have offered, and which she has now filed (docket nos. 91-120) would not have changed the outcome because in deciding the statute of limitations issue and in reviewing whether Plaintiff stated a claim, the Court's analysis was confined to the allegations in the pleadings, including Plaintiff's proposed Amended Complaint.

Plaintiff next argues that the Court should reconsider its ruling on the statute of limitations because Plaintiff is entitled to equitable tolling and/or she is entitled to tolling because Defendants fraudulently concealed information from her. Equitable tolling is "available only in compelling circumstances which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989). The doctrine is "used sparingly by federal courts. 'Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control.'" *Jurado v. Burt*, 337 F.2d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)) (citations omitted). The statute of limitations may also be tolled where a party fraudulently conceals information from the plaintiff. A party must prove the following to show fraudulent concealment: "(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts." *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975).

Plaintiff fails to show that the statute of limitations is tolled under either doctrine. Plaintiff does not argue that circumstances beyond her control prevented her from timely filing her claims,

3

nor does she argue that Defendants concealed information from her that she needed in order to discover the basis for her lawsuit. In fact, Plaintiff's allegations show that she had knowledge of all the facts that were necessary to file suit.

Plaintiff also contends that the Court erred in concluding that the continuing violation doctrine does not apply to her claims. Having reviewed this argument, however, the Court finds nothing to persuade it that its prior reasoning was erroneous.

Finally, Plaintiff argues that the Court should have allowed her attorney, who appeared in the case the day before the Court filed its order dismissing the case, to file an amended complaint. Plaintiff never moved to file an amended complaint even after her attorney appeared. More importantly, Plaintiff has not even offered a proposed amended complaint to allow the Court to determine whether amendment should be allowed. *See Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002) (stating that "in order to [determine whether the amendment should be permitted], the court must have before it the substance of the proposed amendment"). Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (docket no. 88) is **DENIED**.


Dated: October 9, 2009                              /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE